```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
HEDI FLICKSTEIN,

                Plaintiff,           MEMORANDUM & ORDER
                                     97-CV-7007(JS)
        -against-

KENNETH S. APFEL,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:     Hedi Flickstein, pro se
                   3 Edieann Ct.
                   Coram, NY 11727

For Mr. Polsky:    Alan Polsky, Esq.
                   P.O. Box 170
                   Bohemia, NY 11716

For Defendant:     Vincent Lipari, Esq.
                   United States Attorney's Office
                   Eastern District of New York
                   610 Federal Plaza, 5th Floor
                   Central Islip, NY 11722-4454
```

SEYBERT, District Judge:

Pending before the Court is Plaintiff Hedi Flickstein's motion to compel her former attorney, Alan Polsky, Esq., to issue a replacement settlement check. The Court reserved its decision following oral argument on July 30, 2010, and it now GRANTS Flickstein's motion subject to the conditions discussed below.

BACKGROUND

The present disagreement stems from a fee dispute that was supposedly resolved a decade ago. In 2001, Polsky was

awarded $1,875 in attorneys' fees from the government in connection with his successful representation of Flickstein in a Social Security appeal. To cash the government's check, Polsky needed Flickstein's signature (see Oct. 24, 2001 Tr. ("2001 Tr.") 2), but Flickstein refused to sign because she believed she was entitled to a portion of Polsky's fee as reimbursement for her costs associated with reconstructing her Social Security file, which the Government had lost. In Flickstein's view, Polsky would not have secured a favorable outcome without a reconstructed file, and she deserved a part of Polsky's fee award. Flickstein and Polsky settled their differences on the record at the October 24, 2001 conference; Flickstein agreed to accept $600 in exchange for signing Polksy's government check. (2001 Tr. 19.) Polsky cut Flickstein a check from his firm account (Ex. to Flickstein May 1, 2010 Ltr.), and that appeared to end the matter.

Flickstein never attempted to cash Polsky's check, however. In May 2010, Flickstein advised the Court that she had placed the check in a safe place after the 2001 conference but that she was beset with a series of serious health problems and family crises shortly thereafter. (Flickstein May 1, 2010 Ltr. 1.) She misplaced the check and only rediscovered it in December 2009. Recognizing that the check was likely stale,

Flickstein wrote "VOID" on its face and did not attempt to cash it. (See Flickstein Dec. 31, 2009 Ltr. to Polsky.) Flickstein asked Polsky to issue a new check, but Polsky refused, citing the statute of limitations on their settlement agreement and the fact that Flickstein allegedly breached the agreement by afterward complaining to the Social Security Administration and a United States Congressman about Polsky's fee. (Polsky Jan. 13, 2010 Ltr. to Flickstein.) Polsky told Flickstein that her complaints to the Social Security Administration had led it to pay Flickstein an extra $2,000, which the Administration then tried to collect from Polsky. (Id.)

Flickstein sought the Court's assistance in obtaining a new check, and the Court held a conference on July 30, 2010. Polsky refused to issue a new check (July 30, 2010 Tr. ("2010 Tr.") 21), arguing chiefly that he had no obligation to pay Flickstein anything in the first place and that the statute of limitations had run on a breach of contract claim. (See 2010 Tr. 6.) Polsky also informed the Court that the Social Security Administration's attempt to collect additional money from him was resolved in his favor in 2005. (Id.)

DISCUSSION

The Court will require Polsky to issue a new check because it disagrees with his position that the statute of

3

limitations bars Flickstein's requested relief and because it finds no merit in Polsky's suggestion that Flickstein breached their agreement by continuing to challenge Polsky's fee. Under New York law, a non-certified check is a conditional payment that does not discharge the drawer's underlying debt. See Chatham Sec. Corp. v. J. R. Williston & Beane, 41 Misc. 2d 817, 821, 246 N.Y.S.2d 496, 500, 246 N.Y.S.2d 496 (Sup. Ct. N.Y. Cnty. 1964); see also Carmichael v. Gen. Elec. Co., 102 A.D.2d 838, 839, 476 N.Y.S.2d 606, 607-08 (2d Dep't 1984). A check holder is supposed to present the check for payment within a reasonable time, N.Y. U.C.C. § 3-503(2)(a), but her failure to do so only discharges the drawer's debt in certain circumstances, none of which are present here. See N.Y. U.C.C. § 3-502. Surely the check was stale, see N.Y. U.C.C. § 4-404 (permitting banks to refuse to honor checks more than six months old), but a stale check does not extinguish Polsky's underlying debt, either. Rolls-Royce Motor Cars, Inc. v. Schudroff, 929 F. Supp. 117, 125 (S.D.N.Y. 1996) ("[S]taleness does not extinguish the drawer's debt to the holder."); N.Y. Jur. 2d Banking § 357.

Given that Polsky's underlying debt remains valid, the issue is whether Flickstein timely asserted her rights. In New York, the statute of limitations for actions on notes is six years. N.Y. C.P.L.R. 213(2); Eurogen, Inc. v. Censor, 242

A.D.2d 513, 513, 662 N.Y.S.2d 487, 488 (1st Dep't 1997); <u>Wiesel v. Rubinstein</u>, 12 Misc.3d 1168(A), 820 N.Y.S.2d 847, 2006 WL 1594450, at *4 (Sup. Ct. Nassau Cnty. 2006) (table decision). A plaintiff's cause of action on a check accrues once the check is dishonored by the bank and the holder demands payment from the drafter. N.Y. U.C.C. § 3-122; N.Y. Jur. 2d, Negotiable Instruments and Other Commercial Paper § 666; see also <u>Harik v. Harik</u>, 861 F.2d 139, 141 (6th Cir. 1988) (applying Michigan's identical U.C.C. provision); <u>Davis Auction House, Inc. v. Ontario Nat. Bank</u>, 201 A.D.2d 878, 880, 609 N.Y.S.2d 707, 708 (4th Dep't 1994). Flickstein's situation is complicated somewhat because she never presented the check for payment and the check was not dishonored. These are typically considered conditions precedent to actions on checks. See N.Y. U.C.C. § 3-501(2)(b) cmt. Given the circumstances, however, and in the apparent absence of controlling authority on point, the Court concludes that Flickstein's December 31, 2009 letter in which she explained that she voided the stale check and requested a replacement operated as a demand within the meaning of Section 3-122 of New York's Uniform Commercial Code. And because Flickstein's cause of action accrued on that date, her claim is well within the six-year statute of limitations.

The Court also disagrees with Polsky's suggestion that

Flickstein breached their agreement by thereafter complaining about Polsky's fee to the Social Security Administration and a United States Congressman. (See Polsky Jan. 13, 2010 Ltr. to Flickstein.) The 2001 Transcript does not indicate that the $600 was conditioned on anything other than Flickstein's signature on Polsky's fee award. (2001 Tr. 18-19.) Polsky may not, therefore, avoid performance of his underlying obligation on this basis, but Flickstein should take heed of the discussion that follows.

Although it is sympathetic to the health and family issues Flickstein has faced since receiving the check, the Court is troubled by her failure to cash the check within a reasonable time and by her continued attempts to challenge Polsky's fee. Polksy will issue a new check, and Flickstein shall cash it as soon as possible and not later than thirty days after she receives it. Flickstein is advised in the strongest terms that, as far as this Court is concerned, the issue of Polsky's fee is now closed for good.

## CONCLUSION

Within thirty (30) days from the date of this Order, Polsky will issue a new check to Flickstein for $600. Flickstein shall cash the new check as soon as possible and not later than thirty (30) days after she receives it.

This matter is closed. The Clerk of the Court is directed to mail a copy of this Order to both Polsky and Flickstein by certified mail, return receipt requested.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  November 2, 2011
        Central Islip, New York